```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
UNITED STATES OF AMERICA,                  :    Case No. 1:12-CR-00533
                                           :
        Plaintiff,                         :
                                           :
v.                                         :    OPINION & ORDER
                                           :    [Resolving Doc. 48]
EDWARD M. JONES,                           :
                                           :
        Defendant.                         :
                                           :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 20, 2016, Defendant Edward M. Jones petitioned for habeas corpus relief under 28 U.S.C. § 2255.[1] He argued that he was improperly sentenced under the United States Sentencing Guidelines ("USSG" or "Guidelines") because his prior aggravated robbery and felonious assault convictions are no longer prior offenses that trigger an enhanced sentence.[2]

On October 31, 2016, the Court denied Defendant Jones' petition.[3] The Court found that even if the Supreme Court's decision in *Johnson v. United States*[4] applies to the Guidelines,[5] Jones' claim fails on the merits.[6]

Jones now moves the Court to alter or amend the Court's order under Federal Rule of Civil Procedure 59(e).[7]

Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling

---

[1] Doc. 44.
[2] *Id*. The Government opposed. Doc. 46.
[3] Doc. 47.
[4] 135 S. Ct. 2551 (2015).
[5] Whether *Johnson* applies to the Guidelines is currently pending before the Supreme Court in *Beckles v. United States*, Docket No. 1508544.
[6] Doc. 47 at 6-8.
[7] Doc. 48. The Government opposes. Doc. 49.

Case No. 1:12-CR-00533
Gwin, J.

law; or (4) manifest injustice.[8] But, a reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories.[9] Such a motion is extraordinary and sparingly granted.[10]

Defendant Jones reasserts his *Johnson* argument, but does not present a clear error, any new evidence, an intervening change in law, or manifest injustice.[11]

Accordingly, the Court **DENIES** Jones' motion. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that Defendant Jones may appeal the Court's denial of his habeas petition in good faith, and the Court hereby issues a certificate of appealability.[12]

IT IS SO ORDERED.


Dated: January 17, 2017                         *s/      James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[8] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).
[9] *See* *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).
[10] *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[11] *See* Doc. 48.
[12] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).