UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12-cr-00533-JG-1 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 62] |
| vs. | : |  |
| EDWARD M. JONES, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Edward Jones requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1]  The Government opposes Jones's request.[2]

For the following reasons, the Court **DENIES** Defendant Jones's motion for compassionate release.

## I.    Background

In 2012, Defendant Jones pled guilty to three drug-related counts, including possession with intent to distribute heroin; being a felon in possession of a firearm; and possessing a residence for the purpose of unlawfully manufacturing, distributing, and using heroin.[3]  This Court sentenced Defendant Jones to 140 months' imprisonment.[4]

## II.    Discussion

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term

---

[1] Doc. 62.
[2] Doc. 64.  Defendant replied.  Doc. 65.
[3] Doc. 62 at 2.
[4] *Id.*

Case No. 1:12-cr-00533-JG-1
Gwin, J.

once the defendant has "fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

Defendant sought compassionate release from his warden at FCI Allenwood

Medium.[6]  The warden denied his request on November 19, 2020.[7]

Defendant Jones filed his motion for compassionate release more than 30 days after

requesting release from the warden.[8]  The Government does not contest that Jones

meets § 3582(c)(1)(A)(i)'s exhaustion requirement.[9]  Jones has met § 3582(c)(1)(A)(i)'s

exhaustion requirement.

## B. Eligibility

To grant compassionate release, a court must: (1) "find that extraordinary and

compelling reasons warrant [a sentence] reduction,"[10] (2) "ensure that such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission," and (3)

"consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[11]

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i).
[6] Doc. 62 at 3.
[7] *Id.*
[8] *Id.*
[9] Doc. 64 at 11.
[10] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias,* 984 F.3d 516, 519–20 (6th Cir. 2021).
[11] *Id.* at 518 (citing *U.S. v. Jones,* 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted).

Case No. 1:12-cr-00533-JG-1
Gwin, J.

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[12]  The court "may skip step two" where an inmate files a motion on their own behalf.[13]

Under the compassionate release statute, a court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[14]

### a.  Extraordinary and Compelling Reasons

Defendant Jones seeks compassionate release because he suffers from health conditions that could put him at risk of serious illness if he re-contracts COVID-19.  Jones recovered from COVID-19 after testing positive on August 26, 2020.[15]  Still, Defendant's health conditions include kidney disease, obesity, and hypertension.  Jones also suffers from an inflammatory condition that is treated with medicines that "slow his immune system's ability to react to and stave off disease."[16]  The Centers for Disease Control lists Defendant's health conditions among those that could put someone at risk of severe illness from COVID-19.[17]

The Court recognizes Mr. Jones's fear of reinfection.  And, Defendant's facility, FCI Allenwood Medium, has had significant COVID-19 outbreaks in the past.[18]  However, there

---

[12] *See Elias,* 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones,* 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[13] *Jones,* 980 F.3d at 1111.

[14] 18 U.S.C. § 3582(c)(1)(A).

[15] Doc. 62 at 3.

[16] *Id.* at 4–5.

[17] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (May 12, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[18] Federal Bureau of Prisons, *Covid-19 Coronavirus,* https://www.bop.gov/coronavirus/ (last visited

Case No. 1:12-cr-00533-JG-1
Gwin, J.

are currently no reports of COVID-19 infections at the institution,[19] and a significant portion

of FCC Allenwood's population—although not all—has been fully vaccinated.[20]

Defendant Jones's serious health conditions could present extraordinary and

compelling reasons meriting compassionate release,[21] but in this instance the 18 U.S.C.

§ 3553(a) factors weigh more heavily against release.

### b.  18 U.S.C. § 3553(a) Factors

The Court must consider the 18 U.S.C. § 3553(a) factors to determine whether

Defendant should be granted compassionate release.  The factors include "the nature and

circumstances of the offense," "the history and characteristics of the defendant," and the need

for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and

to provide just punishment for the offense," "to afford adequate deterrence to criminal

conduct," and "to protect the public from further crimes of the defendant," among other

factors.[22]

Defendant is set to be released on November 20, 2022.[23]  Defendant represents that

---

May 21, 2021).

[19] *Id.*

[20] FCI Allenwood Medium has 1,119 inmates.  Federal Bureau of Prisons, FCI Allenwood Medium, https://www.bop.gov/locations/institutions/alm/ (last visited May 24, 2021).  The Bureau of Prisons reports that 1,163 inmates and 411 staff at FCC Allenwood are fully vaccinated.  https://www.bop.gov/coronavirus/ (last visited May 24, 2021).  It is not clear how many of those vaccinated live in FCI Allenwood Medium, as opposed to FCI Allenwood Low, which has 893 inmates, and USP Allenwood, which houses 510 inmates.  Federal Bureau of Prisons, *FCI Allenwood Low*, https://www.bop.gov/locations/institutions/alf/ (last visited May 24, 2021); Federal Bureau of Prisons, *USP Allenwood*, https://www.bop.gov/locations/institutions/alp/ (last visited May 24, 2021).

[21] *U.S. v. Michaelis*, No. 3:14-cr-400, 2021 WL 1578079, at *1 (N.D. Ohio Apr. 22, 2021); *U.S. v. Shah*, No. 15-cr-20585, 2021 WL 1253384, at *1 (E.D. Mich. Apr. 3, 2021); *U.S. v. Anderson*, No. 3:17-cr-55, 2021 WL 430900, at *1 (N.D. Ohio Feb. 8, 2021); *U.S. v. Trompeter*, No. 3:11-cr-85-JGC, 2020 WL 8024345, at *1 (N.D. Ohio Dec. 30, 2020).

[22] 18 U.S.C. § 3553(a).

[23] Doc. 64 at 2.

Case No. 1:12-cr-00533-JG-1
Gwin, J.

he may soon transition to a halfway house outside of FCI Allenwood.[24]  Defendant contends

that he will not be a danger to the community if released, and he has used his time in prison

to plan for future employment and job training upon release.[25]

But  Defendant's sentence and career offender status indicate the seriousness of the

offenses for which he is currently imprisoned.  This Court sentenced Defendant to the lowest

end of the range recommended in his presentence report.[26]  Shortening his sentence further

would not fulfill this Court's intent to reflect the gravity of Defendant's actions or provide

just punishment.

Further, Defendant has a lengthy and violent criminal history.[27]  He had been out of

prison only a short time before he participated in the criminal conduct that led to his current

sentence.[28]  The Court is not convinced that Defendant would not be a danger to the

community or that he would not benefit from serving the rest of his sentence in FCI

Allenwood or a halfway house.

### III.    Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Jones's request for

compassionate release.

---

[24] Doc. 62 at 9.
[25] Doc. 62 at 7.
[26] Doc. 62 at 2–3.
[27] Doc. 64 at 14–15; *see also* Doc. 26.
[28] Doc. 64 at 15–16.

Case No. 1:12-cr-00533-JG-1
Gwin, J.


IT IS SO ORDERED.


Dated:  June 7, 2021                    s/          James S. Gwin
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE